RECEIVED
05/12/2025
KELLY L. STEPHENS, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ANDREW LINARES

v.

LOWES PRO SUPPLY

Case No: Pending Assignment

## MOTION FOR PAUPER STATUS

I move to waive the payment of the appellate filing fee under Fed. R. App. P. 24 because I am a pauper. This motion is supported by the attached financial affidavit.

The issues which I wish to raise on appeal are:

1. Whether the District Court erred in dismissing the complaint under the Rooker-Feldman doctrine, where Plaintiff brought the action solely in his individual capacity, was not a party to the prior state court judgment.
2. Whether the District Court improperly denied leave to amend the complaint on futility grounds, despite Plaintiff's proposed amendment curing all jurisdictional concerns and asserting a facially plausible federal claim.
3. Whether the District Court erred by deciding the threshold question of arbitrability itself, despite the contractual delegation to the arbitrator, in contravention of binding Supreme Court precedent in Henry Schein.
5. Whether the District Court erred in denying a Rule 60(b)(4) motion.
4. Whether the prefiling restriction imposed by the District Court was procedurally and legally improper, as it was entered without notice, hearing, or any finding of vexatious conduct, and has effectively denied access to the court.

Signed: [signature]    Date: 05/11/2025

Address: 4450 Harding

Dearborn Heights, MI 48125

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

Andrew Linares

        Petitioner-Appellant         Case No: (Pending Assignment)

v.

Lowe's Pro Supply

        Defendant-Appellee
_____/
Andrew Linares
*In Pro Per*
4450 Harding Street
Dearborn Heights, MI 48125
734-205-8788
andrew.ace.linares@nfnrltd.com
_____/

## **BRIEF IN SUPPORT OF MOTION FOR PAUPER STATUS**

      **NOW COMES** Petitioner-Appellant **Andrew Linares**, appearing in propria persona, respectfully submits this brief in support of his motion for pauper status. This appeal is taken from final orders of the United States District Court for the Eastern District of Michigan in *Linares v. Lowe's Pro Supply Co.*, Case No. 2:25-cv-11027. The district court granted leave to proceed IFP at the outset of the case but subsequently dismissed the complaint sua sponte and concluded that any appeal would not be taken in good faith. Petitioner now seeks leave from this Court under **FRAP 24(a)(5)** and **28 U.S.C. § 1915(a)**. This appeal is taken in good faith and presents multiple substantial legal questions warranting appellate review. Mr. Linares is unable to pay the costs associated with this appeal, as set forth in his accompanying affidavit.

INTRODUCTION

      As a pro se litigant, Mr. Linares has consistently demonstrated good faith by diligently

pursuing his claims while adhering to well-established legal frameworks and binding precedent. His efforts to cure procedural and jurisdictional deficiencies, clarify and narrow arguments after the District Court's sua sponte judicial interpretation of the arbitration clause, and timely filing of responsive pleadings grounded in law and fact, are undermined by the Court's improper finding that an appeal "would not be taken in good faith" (ECF No. 10) absent any notice, hearing, or opportunity to respond.

Mr. Linares' litigation is anchored in a procedural history that reflects his attempts to remedy the Court's asserted jurisdictional concerns. In response to a sua sponte dismissal under the Rooker-Feldman doctrine and a subsequent erroneous denial of leave to amend—despite his clear efforts to narrow the relief sought to a prospective order compelling arbitration under the Federal Arbitration Act (FAA) and Declaratory Judgment under **28 U.S.C. § 2201**—the District Court's actions have crossed the line from judicial oversight into an infringement of his fundamental rights. The Court's reliance on a one-sided interpretation of the arbitration clause, ignoring the principles of mutuality and the proper deference to an arbitrator (as established in Henry Schein, Inc. v. Archer & White Sales, Inc., 139 S. Ct. 524 (2019)), underscores a misapplication of established law that denies Mr. Linares his day in court.

Moreover, the recent imposition of a pre-filing restriction—absent any procedural safeguards such as notice or an opportunity for response—raises serious constitutional and due process concerns. This restriction effectively blocks Mr. Linares from judicial consideration and vindicating his federally protected rights, thereby undermining the rule of law and access to the judicial system guaranteed under our Constitution.

Taken together, the District Court's rulings represent a clear violation of procedural fairness and an unjustified denial of access to justice. They not only impede the enforcement of

Mr. Linares' rights under the FAA but also contravene fundamental constitutional principles by arbitrarily barring his access to the Courts. Therefore, appellate review is imperative to correct these errors, restore access to justice, and ensure that a litigant who acts in good faith is not punished by procedural barriers imposed without basis.

## PROCEDURAL BACKGROUND

### I.  Motion for Leave to File First Amended Complaint

Following the District Court's sua sponte dismissal of the original complaint under the **Rooker-Feldman** doctrine (ECF No. 10), Petitioner timely filed a **Motion for Leave to File a First Amended Complaint** (ECF No. 11). The amended complaint sought to directly address and cure the jurisdictional concerns identified in the Court's order by:

1. Removing **Hatsoff Holdings, Inc** (a defunct nonprofit) as a party;
2. Clarifying that the suit was brought **solely in Petitioner's individual capacity**;
3. Narrowing the relief sought to a **prospective order compelling arbitration** under the **Federal Arbitration Act (FAA), 9 U.S.C. § 4** and seeking a **Declaratory Judgment under 28 U.S.C. § 2201**; and
4. **Explicitly disclaiming any request to invalidate or review the state-court default judgment.**

Despite these substantial revisions, the District Court denied leave to amend, holding that the proposed amendment would be futile. (ECF No. 12, Order Denying Leave to Amend).

### A.  The Court's Analysis in Denying Amendment

The Court evaluated the motion under **28 U.S.C. § 1915(e)(2)(B)**, the standard for screening in forma pauperis filings. It interpreted the arbitration clause in Lowe's Terms of Sale to apply exclusively to "claims by Customer, including claims by Customer's members."

Reasoning that language of the contract only triggered arbitration if a customer brings a claim under the agreement but does not apply to the seller's claim (arising from a nonpayment action) under the same agreement. The Court concluded that the arbitration clause excluded seller claims and the proposed amendment "fails to state a plausible claim of relief." (ECF No. 10) Thus, the Court denied leave to amend on grounds of futility, asserting that Petitioner's claims fell outside the scope of the arbitration clause and would not survive a Rule 12(b)(6) motion.

### B. Petitioner's Good Faith Efforts to Cure Jurisdictional Deficiencies

The District Court's order failed to address Petitioner's **good faith efforts** to comply with the Court's prior rulings. Petitioner amended the complaint to:

1. Eliminate any language that might be construed as a collateral attack or review of the state-court judgment, and removed any request to enjoin enforcement efforts against Mr. Linares personally as a non-party;
2. Remove the defunct corporate entity as a party;
3. And assert a narrowly tailored federal claim under the FAA.

Under **Federal Rule of Civil Procedure 15(a)**, amendments should be "freely given when justice so requires." The Court did not acknowledge these efforts or apply the correct liberal standard. There is no indication of undue delay, bad faith, or prejudice to the non-moving party—all of which weigh heavily in favor of allowing amendment, particularly at an early procedural stage.

The denying of leave to amend rests on a flawed contractual analysis and did not address the Petitioner's attempts to cure the deficiencies that the order dismissing the complaint was predicated on. The District Court's ruling relied instead on a one-sided contractual interpretation contrary to *contra proferentum* rendered sua sponte and without briefing or a responsive

pleading. This error significantly curtailed Petitioner's access to the adjudication of his federal rights and stands as a key ground for appellate review.

II. **Motion for Reconsideration and Renewed Motion for Leave to File First Amended Complaint**

Following the denial of Petitioner's initial motion to amend (ECF No. 12), Petitioner timely filed two interrelated submissions aimed not at rearguing rejected claims, but at presenting a refined legal rationale for relief and offering the District Court an opportunity to self-correct. These filings were:

a) A **Renewed Motion for Leave to File First Amended Complaint** (ECF No. 13); and

b) A **Motion for Reconsideration** of the order denying amendment (ECF No. 14).

Together, these pleadings constituted a clear, well-organized, and procedurally proper effort to clarify the scope of the Federal Arbitration Act (FAA), confirm Petitioner's non-party status relative to the underlying state court default judgment, and reassert the right to amend at an early, pre-answer stage of the case.

A. **Purpose and Content of the Filings**

Petitioner's motion for reconsideration identified serious legal flaws in the Court's earlier sua sponte interpretation of the arbitration clause in Lowe's Terms of Sale. Specifically, the motion emphasized:

1. That the clause was not, by its plain language, restricted solely to claims brought by the customer, and did not preclude a party like Petitioner—a former officer of the customer—from invoking its protections;

2. That the contract contained no litigation carve-out reserving any remedy or right for Lowe's to litigate disputes outside of the chosen and explicit remedy offered by the

contract.

3. That the Court's prior ruling had impermissibly bifurcated the contract, recognizing the arbitration agreement in the Terms of Sale as applying at least to customer claims, but excluded the seller's claims without any contractual language saying as much.

At the same time, Petitioner's renewed motion to amend reaffirmed his right under Federal Rule of Civil Procedure 15(a)(2) to amend freely in the interests of justice. It emphasized that:

- No defendant had yet entered an appearance or filed a responsive pleading;
- The case remained at the earliest procedural posture;
- The amendment substantially narrowed the original complaint by eliminating jurisdictional defects and removing the defunct nonprofit entity as a party;
- There was no undue delay, bad faith, or prejudice to any party.

The motions collectively offered the Court a principled, non-confrontational means of realigning the pleadings with established law and clarifying the limited, federal nature of the dispute. Petitioner sought only prospective relief—namely, enforcement of an arbitration clause and a declaratory judgment affirming that he was not personally liable for the debts of Hatsoff Holdings, Inc.

### B. Substantive Legal Grounds Presented

The filings set forth several distinct, interlocking arguments:

1. **Mutuality of Obligation versus Mutuality of Remedy and Adequate Consideration**
   Petitioner argued that The Lowe's Terms of Sale are supported by full and adequate consideration and do not reserve any court action remedy to Lowe's. The absence of any such reservation creates complete mutuality of remedy between the parties, strengthening the argument that all disputes, including those related to nonpayment, must be arbitrated.

2. **FAA Policy and Favorable Construction**

   Petitioner invoked the FAA's well-established presumption in favor of arbitration. Where ambiguities exist in contract language, federal courts are required to construe the clause broadly and resolve doubts in favor of arbitration. The Court's refusal to do so—especially at the pleading stage—conflicted with controlling precedent.

3. **Nonpayment as a Breach of Contract Covered by Arbitration**

   Petitioner underscored that the underlying state court dispute—styled as a nonpayment claim—arose entirely under the Terms of Sale. As such, it was by definition contractual and subject to the arbitration clause embedded in the same agreement.

4. **Declaratory Judgment as Independent Claim**

   Even assuming arguendo that the arbitration clause could not be enforced, Petitioner's request for a declaratory judgment under 28 U.S.C. § 2201 stood on its own. That claim sought only to affirm that Petitioner bore no personal liability for the corporate debt of Hatsoff Holdings, Inc.—a question entirely distinct from the merits of the state court judgment.

5. **Rule 15(a) Standard for Amendment**

   The renewed motion reaffirmed that Petitioner's amended complaint was timely, non-prejudicial, and filed in good faith to comply with the Court's own guidance. It stressed that Rule 15(a)(2) embodies a liberal standard and that amendment should be freely granted absent specific prejudice or delay—none of which were present here.

   C. **A Missed Opportunity for Judicial Correction**

The two filings were not a repeat of prior arguments, nor were they attempts to delay or relitigate. Rather, they represented a clear effort by a pro se litigant to refine his legal theory,

correct course procedurally, and submit a lean, focused complaint rooted in federal statutory rights. The motions placed before the Court several dispositive legal questions supported by applicable precedent, including *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, *AT&T Mobility LLC v. Concepcion*, and *Foman v. Davis*.

Regrettably, the Court's subsequent ruling (May 2, 2025 Order, ECF No. 15) declined to revisit its earlier interpretation of the contract and summarily denied both motions. The order did not engage with Petitioner's arguments concerning mutuality, the lack of a carve-out, or the existence of an independent declaratory judgment claim. Nor did it address the Rule 15(a) standard in any substantive way. The Court again construed the arbitration clause narrowly, held amendment futile, and refused reconsideration absent "new evidence" or "palpable defect"—despite the clear legal basis offered.

### III.   Rule 60(b)(4) Motion and the Court's May 9, 2025 Order Denying Relief and Imposing a Prefiling Restriction

After the Court denied reconsideration and leave to amend, Petitioner filed a motion under **Federal Rule of Civil Procedure 60(b)(4)** (ECF No. 16), asserting that the judgment dismissing the action was **void for lack of subject-matter jurisdiction**. Petitioner argued that, in light of the parties' **delegation clause**, the District Court **lacked jurisdiction to resolve arbitrability**, and thus exceeded its authority by denying amendment based on its own contract interpretation contrary to binding supreme court precedent.

In the same order denying Rule 60(b)(4) relief (ECF No. 17, entered May 9, 2025), the District Court also **imposed a broad prefiling restriction**, barring Petitioner from filing any future motions in the matter without prior leave of court.

### A.  Content of Petitioner's Rule 60(b)(4) Motion

Petitioner's Rule 60(b)(4) motion made a straightforward legal argument:

1. The **arbitration clause incorporated the AAA Commercial Arbitration Rules**, which delegate arbitrability to the arbitrator;

2. Under *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524 (2019), a court may not decide arbitrability when that question has been delegated;

3. Therefore, the District Court **lacked jurisdiction to decide the threshold arbitrability issue**;

4. A judgment rendered without jurisdiction is **void**, and must be vacated under Rule 60(b)(4).

This motion did not reargue the facts or merits of the case, but rather challenged the **legal authority of the court to have issued any ruling at all** once it acknowledged the existence of an arbitration agreement and failed to address the delegation clause.

### B. Substantive Legal Grounds Presented

The filings set forth several distinct, interlocking arguments:

1. **Delegation of Arbitrability:**

   The Lowe's Terms of Sale unambiguously incorporate the AAA Rules, delegating all gateway questions, including the scope of arbitrability, to the arbitrator.

2. **Binding Precedent:**

   Established authority, notably Henry Schein, Inc. v. Archer & White Sales, Inc., prohibits courts from deciding arbitrability when clearly delegated.

3. **Subject-Matter Jurisdiction:**

   By ruling on whether the seller's claim is arbitrable—based solely on its interpretation of "claims by Customer"—the Court exceeded its FAA-limited authority, rendering its

decision ultra vires.

4. **Void Judgment Requirement:**

   As the Court acted without jurisdiction by addressing a delegated gateway issue, the judgment is void ab initio and must be vacated under Rule 60(b)(4).

   C. **The Court's Refusal to Correct a Clear Legal Error Regarding Contractual Scope**

Petitioner's Rule 60(b)(4) motion presented the Court with an opportunity to correct a jurisdictional error that was not discretionary but compelled by binding precedent. Central to the motion was the argument that the District Court lacked authority to decide arbitrability because the parties' contract delegated that threshold question to an arbitrator. The Terms of Sale explicitly incorporate the AAA Commercial Arbitration Rules, which provide that the arbitrator shall decide arbitrability. In Henry Schein, Inc. v. Archer & White Sales, Inc., the Supreme Court held that where such a delegation exists, courts must respect it—even if they believe the argument for arbitration is "wholly groundless."

Yet, the Court's May 9, 2025 Order (ECF No. 17) denied relief without squarely addressing the delegation clause or the governing legal standard. Instead, the Court reiterated its earlier position that the arbitration agreement applied only to "claims by Customer," and that seller claims were categorically excluded. But this reading—central to the Court's entire jurisdictional ruling—finds no support in the actual contract language. The Terms of Sale do not contain any express carve-out excluding seller claims from arbitration. Nor do they prohibit counterclaims by Customer or Customer's members. The Court's conclusion that the contract "unambiguously" barred Petitioner from compelling arbitration is therefore not rooted in the text of the agreement, and was a judicial determination on arbitrability which the Federal Arbitration Act does not

permit where arbitrability is delegated.

This was not a matter of discretion or case management. If the Court lacked jurisdiction to decide arbitrability in the first instance, then its denial of the motion for leave to file an amended complaint was void. Rule 60(b)(4) requires vacatur under these circumstances. By declining to revisit its own ultra vires action—and by imposing a sweeping prefiling restriction without addressing the delegation argument—the Court compounded rather than corrected its error.

## LEGAL STANDARD

The Court's earlier ruling that an IFP appeal would "not be taken in good faith" (ECF No. 10) was further compounded by the Court's prefiling restriction, which effectively blocked Petitioner from submitting a motion to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a). This, too, represents a serious departure from controlling legal standards.

Section 1915(a)(1) provides that any person who submits an affidavit stating they are unable to pay court costs and fees may proceed without prepayment, provided the appeal is taken in good faith. The "good faith" standard under § 1915 is not whether the litigant will ultimately prevail, but whether the appeal presents any issue that is not frivolous. As the Supreme Court has clarified, an appeal is considered taken in good faith so long as it seeks appellate review of any issue that is not "plainly lacking in merit." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Moreover, the Sixth Circuit has cautioned that *in forma pauperis* determinations must not be used to summarily dispose of appeals. In *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986), the court emphasized that a pro se appellant's constitutional right of access to the courts includes the right to meaningful appellate review and that dismissal based on a "frivolous" label must be grounded in an actual legal analysis, not conclusory judgment.

Here, Petitioner had a colorable legal basis for appeal. The issues raised—whether the District

Court lacked jurisdiction to decide arbitrability under a delegation clause, and whether it erred by imposing sanctions without due process—are both substantial and grounded in existing Supreme Court and Circuit precedent, including *Henry Schein*, *Feathers*, and *Foman*. Even if the Court disagreed with Petitioner's interpretation, those issues plainly are not "wholly insubstantial" or devoid of merit.

The failure to allow Petitioner to file an IFP motion—by virtue of the Court's unilateral prefiling ban—circumvented the § 1915 framework and improperly closed the courthouse door. The denial was not only procedurally irregular, but also materially obstructed Petitioner's right to appeal, in violation of both federal statute and constitutional due process.

ARGUMENT

**IV.     Imposition of Prefiling Restriction Without Due Process or Factual Basis**

In the same order denying Rule 60(b)(4) relief, the Court imposed an expansive prefiling restriction that bars Petitioner from submitting any further motions in the case without prior leave of court (ECF No. 17) necessitating immediate appellate review under informa pauperis status. This sanction was imposed without notice, without an opportunity to be heard, and without any factual findings establishing a pattern of vexatious or abusive litigation. Such procedural omissions are not mere oversights—they represent a breakdown of the most basic requirements of due process.

The Court justified its action only by stating that Petitioner's arguments were "arguably frivolous"—a formulation that not only concedes ambiguity but also falls far short of the clear legal standard required for restricting a litigant's right of access. There was no record of repeated filings, harassment, or bad faith, nor any suggestion that Petitioner had burdened the docket with duplicative or obstructive litigation tactics. On the contrary, Petitioner filed a discrete set of

motions, grounded in binding precedent, to challenge a jurisdictionally void judgment. These filings—however disfavored by the Court—were plainly within the scope of good-faith legal advocacy.

The Sixth Circuit has made clear that prefiling restrictions are permissible only where three conditions are met:

1. a clear record of abuse;
2. narrowly tailored sanctions; and
3. notice and an opportunity to respond.

*See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996).

None of these conditions were satisfied here. Instead, the restriction was imposed sua sponte, in a conclusory manner, and without any procedural safeguards.

The impact of this order is severe: it has foreclosed Petitioner's ability to file motions in the matter, to seek in forma pauperis status, or otherwise invoke appellate review. By doing so, the Court not only restricted statutory rights under 28 U.S.C. §§ 1291 and 1915, but also infringed on Petitioner's First and Fifth Amendment rights—specifically, the constitutional guarantee of access to the courts and the right to be heard before being deprived of a legal remedy.

This was not an instance of discretionary docket management. It was a structural denial of due process. When a court imposes sanctions that effectively preclude judicial review, it must strictly comply with the constitutional and procedural standards that govern such extraordinary measures. The Court did not do so here, and the resulting order cannot stand.

## CONCLUSION

This case presents not merely a dispute over contract interpretation, but a fundamental test of

access to justice for a pro se litigant who has diligently followed every procedural instruction, revised his claims to meet the Court's concerns, and raised substantial legal questions grounded in binding precedent. Mr. Linares did not flood the docket with baseless filings. He did not seek to relitigate settled issues. He followed the Federal Rules of Civil Procedure, narrowed his claims, and invoked rights expressly protected by federal statute—including the right to compel arbitration and the right to seek declaratory relief.

The District Court's rulings—dismissing the complaint sua sponte without reaching the jurisdictional issues, denying reconsideration without addressing controlling authority, and imposing a prefiling restriction without notice, findings, or due process—constitute a pattern of judicial overreach that cannot withstand appellate scrutiny. These are not routine procedural missteps. They are structural errors that block access to appellate review, misapply the Federal Arbitration Act, and deny the protections guaranteed by Rule 60(b)(4), 28 U.S.C. § 1915, and the Constitution itself.

No reasonable jurist, applying the correct legal standards, could conclude that this appeal is not taken in good faith. Nor could one justify revoking access to the courts by preemptively banning further filings in a case where the opposing party has never even appeared. Such actions strip the federal courthouse of its legitimacy and render hollow the statutory and constitutional promises of fair process.

Petitioner-Appellant does not ask for a ruling on the merits at this stage. He asks only to proceed—without prepayment of fees—to have his claims heard by a reviewing court. That request is consistent with decades of jurisprudence protecting the rights of indigent litigants and pro se parties. It is supported by the record. And it is demanded by the principles of fairness, equity, and the rule of law.

WHEREFORE, Petitioner respectfully requests that this honorable Court:

1. grant leave to proceed in forma pauperis on appeal under FRAP 24(a)(5) and 28 U.S.C. § 1915(a); and

2. vacate the District Court's finding that the appeal is not taken in good faith.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 12th, 2025, at Dearborn Heights, Michigan.

Respectfully submitted,

_____
Andrew Linares
*In Pro Per*
4450 Harding Street
Dearborn Heights, MI 48125
734-205-8788